UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARRY MEHLER,

    Plaintiff,

v.

FERRIS STATE UNIVERSITY, et al.,

    Defendants.

_____/

Case No. 1:22-cv-71

HON. JANE M. BECKERING

## ORDER

Plaintiff Barry Mehler, a professor at Ferris State University (FSU), initiated this action on January 25, 2022 with the filing of a Verified Complaint against Defendants FSU; David L. Eisler, FSU's President; Randy Cagle, Dean of FSU's College of Arts, Sciences, and Education; FSU's Board of Trustees; and the individual Trustees in their official capacities (ECF No. 1).  Plaintiff accompanied the Verified Complaint with an Emergency Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 3).  Appearances were filed on January 26, 2022 on behalf of Defendants FSU, its Board of Trustees and the individual Trustees; however, no appearance has been filed on behalf of Defendants Eisler and Cagle, and Plaintiff's Certificates of Service (ECF No. 3 at PageID.260; ECF No. 4 at PageID.294) do not indicate that these Defendants have yet received notice of Plaintiff's filings.  Pursuant to FED. R. CIV. P. 65 and W.D. Mich. LCivR 7.1(c), and for the reasons stated below, the Court will deny Plaintiff's request for a temporary restraining order but will require service and expedited briefing and will notice a prompt hearing on Plaintiff's request for a preliminary injunction.

This litigation arises from a January 11, 2022 letter that FSU sent Plaintiff, placing him on "temporary paid administrative leave while an investigation is conducted into allegations about [his] conduct," to wit: Plaintiff's posting of a video on January 9, 2022 (1/11/22 Letter, Pl.'s Ex. J to his Verified Complaint, ECF No. 1-11).  In his Verified Complaint, Plaintiff emphasizes that the video included criticism of FSU's COVID-19 policy (Verified Compl. ¶ 2).  He alleges that the January 11, 2022 letter was "sent as a direct result of [his] video" and that the letter was a "result of disagreement with the message, speech, viewpoint and expression contained in the Video" (*id.* ¶¶ 103-104).  Pursuant to 42 U.S.C. § 1983, he alleges the following four claims:

    I.    Defendants' Actions Constitute Retaliation in Violation of the First and Fourteenth Amendments

    II.    Defendants' Actions Constitute an Impermissible Prior Restraint in Violation of the First and Fourteenth Amendments

    III.    Defendants' Use of § 4.1(A) of the CBA and the ESD Violate the First Amendment

    IV.    The ESD Violates the First and Fourteenth Amendments Facially and as Applied

He seeks injunctive, declaratory and monetary relief (ECF No. 1 at PageID.30-32).

In his pending motion, Plaintiff seeks a temporary restraining order (TRO), followed by a preliminary injunction, which

    A.  Orders all Defendants to immediately reinstate Dr. Mehler to his teaching duties for all his current classes;

    B.  Orders all Defendants to immediately restore … Dr. Mehler's access to his "Canvas" web pages for all his current classes;

    C.  Orders all Defendants to immediately restore Dr. Mehler's faculty page to the University's website;

    D.  Restrains all Defendants from prohibiting Dr. Mehler's access to campus, including his office;

      E.  Restrains all Defendants from prohibiting Dr. Mehler from having contact with current or former faculty or students at the University; and

      F.  Provides such further and additional relief that the Court deems just and equitable.

(ECF No. 3 at PageID.259).

The issuance of injunctive relief lies within the discretion of the district court. *Ne. Ohio Coal. for the Homeless & Serv. Emp. Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006). To determine whether injunctive relief should issue, courts consider (1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent an injunction, (3) whether the issuance of an injunction would cause substantial harm to others, and (4) whether the public interest would be served by issuing an injunction. *Id.* "'These factors are not prerequisites that must be met but are interrelated considerations that must be balanced together.'" *Id.* (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog,* 945 F.2d 150, 153 (6th Cir. 1991)).

When a party seeks injunctive relief on the basis of the potential violation of the First Amendment, the likelihood of success on the merits often will be the controlling factor. *Planet Aid v. City of St. Johns, MI*, 782 F.3d 318, 323 (6th Cir. 2015). *See also Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 690 (6th Cir. 2014) ("In the context of a First Amendment claim, the balancing of these factors is skewed toward an emphasis on the first factor.").

Having considered the record before it, the Court, in its discretion, finds that the immediate issuance of a temporary restraining order without notice to all Defendants is not justified. Given the importance of properly determining Plaintiff's likelihood of success on the merits of his claims, the Court will require service and expedited briefing by the parties and notice this matter for a prompt hearing on Plaintiff's remaining request for a preliminary injunction. Accordingly:

**IT IS HEREBY ORDERED** that Plaintiff's request for a temporary restraining order (ECF No. 3) is DENIED, but his request for a preliminary injunction (ECF No. 3) remains PENDING.

**IT IS FURTHER ORDERED** that a Hearing shall be held on Plaintiff's request for a preliminary injunction on **March 7, 2022**, **at 10:00 a.m.,** Courtroom 601, Ford Federal Building, 110 Michigan Ave. N.W., Grand Rapids, MI 49503.

**IT IS FURTHER ORDERED** that Plaintiff shall serve a copy of the Verified Complaint, with exhibits (ECF No. 1); Declaration (ECF No. 2); Emergency Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 3), with brief in support (ECF No. 4); and this Order upon Defendants Eisler and Cagle not later than **5:00 p.m. on January 28, 2022** and file Proof of Service of the same.

**IT IS FURTHER ORDERED** that Defendants shall file a Response to Plaintiff's Motion (ECF No. 3) within 14 days of the filing of Plaintiff's Proof of Service, and any Reply by Plaintiff shall be filed within 7 days after the filing of Defendants' Response.

This is *not* a final order, and an order denying a request for a temporary restraining order is generally not appealable.  See *Maryville Baptist Church, Inc. v. Beshear*, 957 F.3d 610, 612 (6th Cir. 2020).

Dated:  January 26, 2022                                                  /s/ Jane M. Beckering
                                                                                                                                                                   JANE M. BECKERING
                                                                                                                                                                    United States District Judge