UNITED SATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARRY MEHLER,

    Plaintiff,

vs.

FERRIS STATE UNIVERSITY, DAVID L. EISLER, individually and in his official capacity as President of Ferris State University; RANDY CAGLE, individually and in his official capacity as Dean of Ferris State University's College of Arts, Sciences and Education; FERRIS STATE UNIVERSITY BOARD OF TRUSTEES; and AMNA P. SIEBOLD, ANNA L. RAMIREZ-SAENZ, RUPESH K. SRIVASTAVA, LASHANDA R. THOMAS, GEORGE K. HEARTWELL, KURT A. HOFMAN, and RONALD E. SNEAD, in their Official Capacities as Trustees of Ferris State University's Board of Trustees,

    Defendants.

Case No. 1:22-CV-00071

Hon. Jane M. Beckering
Hon. Magistrate Judge Ray Kent

| | |
|---|---|
| **MATTHEW J. HOFFER (P70495)**<br>**SHAFER & ASSOCIATES, P.C.**<br>3800 Capital City Blvd., STE 2<br>Lansing, MI 48906<br>T: (517) 886-6560<br>F: (517) 886-6565<br><br>Attorneys for Plaintiff | **ROBERT M. VERCRUYSSE (P21810)**<br>**ANNE-MARIE VERCRUYSSE**<br>**WELCH (P70035)**<br>**CLARK HILL PLC**<br>500 Woodward Avenue, Suite 3500<br>Detroit, MI  48226<br>(313) 965-8325  (313) 309-6958<br>rvercruysse@clarkhill.com<br>awelch@clarkhill.com<br>Attorneys for Defendants |

### DEFENDANTS' RESPONSE TO
### PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

    COME NOW, Defendants FERRIS STATE UNIVERSITY, DAVID L. EISLER, RANDY

CABLE, FERRIS STATE UNIVERSITY BOARD OF TRUSTEES, AMNA P. SIEBOLD, ANA

L. RAMIREZ-SAENZ, RUPESH K. SRIVASTAVA, LASHANDA R. THOMAS, GEORGE K. HEARTWELL, KURT A. HOFMAN, and RONALD E. SNEAD (hereinafter Defendants) by Robert M. Vercruysse and Anne-Marie Welch of the law firm Clark Hill, PLC and in answer to Plaintiff's Motion for Emergency Temporary Restraining Order and Preliminary Injunction (hereinafter Motion) say:

1. Professor Barry Mehler, Ph.D (Dr. Mehler) is tenured professor at Ferris State University ("FSU" or the "University").  Dr. Mehler has been a distinguished instructor and academic at FSU for over 30 years.

**RESPONSE**:  In Answer to Paragraph 1 of Plaintiff's Motion, Defendants deny as untrue that Plaintiff has been a distinguished instructor but admit the remaining allegations contained therein.

2. On January 9, 2021, Dr. Mehler shared videos with his students for the spring semester 2022, via private URL, introducing them to him and his classes. One such video ("The Video") portrayed Dr. Mehler's well-known, celebrated, and provocative style, and included criticism of the University's COVID-19 policy, along with his long-standing performances used to draw students' attention to plagiarism and his grading policy. The contents of The Video are clearly protected expression under the First Amendment.

**RESPONSE**:  Answering Paragraph 2 of Plaintiff's Motion, Defendants admit that Plaintiff sent a video to students at Ferris State University enrolled in his classes on or after January 9, 2022. Defendants deny that the video in which Plaintiff called his students "cocksuckers" and said "fuck you" (herein after c*ocksuckers and f*ck) as well as calling administrators profane names is protected by the First Amendment to the United States Constitution, nor was the speech in a public forum or about a public topic.  Defendants deny the remaining allegations in said paragraph except to admit that there is some discussion of plagiarism, grading, COVID and attendance.

3. Video went "viral" and, when it came to the University administrators' attention, they retaliated against Dr. Mehler by, *inter alia*, summarily removing him from instructing his courses, removing his faculty page from the University website, banning him from campus, and prohibiting him from speaking with current or former students or faculty.

**RESPONSE**: Answering Paragraph 3 of Plaintiff's Motion, Defendants are without information to form a belief about the term viral and leave Plaintiff to his proofs. Defendants deny any retaliation and aver that after receiving a complaint from a parent of a student in one of Plaintiff's classes, they determined that they would investigate the facts. Plaintiff was placed on temporary administrative leave with full pay and benefits; told what was to be investigated, not to destroy evidence but to take down the recording. He was not to have contact with students, faculty or staff regarding this matter during the investigation. Plaintiff was cautioned not to retaliate against any witness. He had access to his email but was not to make contact with others without first contacting his Dean and was not to use his office on campus. He was asked to tell the truth. Defendants deny as untrue any remaining allegations and accordingly leave Plaintiff to his proofs.

4. The University's actions, as well as its Employee and Student Dignity (the "ESD") policy that purportedly served as the basis for its actions, are classic violations of Dr. Mehler's First Amendment rights, including his academic freedom.

**RESPONSE**: Answering Paragraph 4 of Plaintiff's Motion, Defendants deny as untrue the allegations contained therein and accordingly leave Plaintiff to his proofs.

5. The University's actions constitute unlawful retaliation against Dr. Mehler in violation of the First Amendment, operate as a prior restraint on First Amendment freedoms, operate as an unlawful application of the ESD and FSU's bargained agreement with its faculty,

and otherwise violate the rights of Dr. Mehler, his students, and others under the First and Fourteenth Amendments.

**RESPONSE**:  Answering Paragraph 5 of Plaintiff's Motion, Defendants deny as untrue the allegations contained therein and aver that the Collective Bargaining Agreement calls for an investigation of the facts to determine what, if any, discipline is necessary for just cause.

6. The Universitiy's ESD underlying its actions is overbroad, vague, and otherwise unconstitutional under the First and Fourteenth Amendments, both on its face and as applied here.

**RESPONSE**: Answering Paragraph 6 of Plaintiff's Motion, Defendants deny as untrue the allegations contained therein and accordingly leave Plaintiff to his proofs.

7. FSU's actions against Dr. Mehler constitute an ongoing irreparable injury to his fundamental constitutional rights which justifies immediate injunctive relief.

**RESPONSE**: Answering Paragraph 7 of Plaintiff's Motion, Defendants deny as untrue  the allegations contained therein.  Defendants aver that the Sixth Circuit has determined that placing an employee on temporary administrative leave with full pay and benefits pending an investigation is not an adverse action.  *Sensabough v. Halliburton,* 937 F.3d 621 (6th Cir. 2019).

8. Pursuant to LCivR 7.1(e), Plaintiff requests expedited consideration of this motion. In addition to the ongoing irreparable injury to Plaintiff's fundamental rights, Dr. Mehler is the subject of an ongoing investigation that may result in further or different actions against him during the usual schedule for briefing and decision.

**RESPONSE**: Answering Paragraph 8 of Plaintiff's Motion, Defendants deny as untrue  the allegations contained therein.  Defendants aver that there is a due process procedure under the parties' Collective Bargaining Agreement that protects his rights.

4

9. In support of the present motion, Plaintiff relies upon the accompanying brief in support, Plaintiff's Verified Complaint [ECF 1], any oral argument heard by the court, any further evidence submitted in support of a preliminary injunction, and the record as a whole at the time of decision.

**RESPONSE**: Answering Paragraph 9 of Plaintiff's Motion, Defendants deny that Plaintiff has sufficient facts to support his motion and aver that a full record should be developed before a Court and Jury.

10. Plaintiff notes that, although hyperlinks are provided to The Video in the Verified Complaint and the brief in support of this motion, copies of The Video and accompanying course videos will be physically filed with the Court as noted on **Exhibit H** [PageID.105-106].  (All references to exhibits in this motion and the brief in support refer to the exhibits to the Verified Complaint [ECF 1]).

**RESPONSE**:  Answering Paragraph 10 of Plaintiff's Motion, Defendants have attached a Court Reporter's transcript of the video that clearly shows that Plaintiff did not engage in protected speech by his use of sexually profane terms of c*cksuckers and f*ck you against students and administrators.

11. The undersigned has been notified that Mr. Robert M. Vercruysse of Clark Hill, PLC will be representing FSU in this matter.  Upon Filing, the undersigned will promptly provide Mr. Vercruysse with a courtesy copy of the Complaint [ECF 1], the present motion, and the brief in support.

**RESPONSE**:  Answering Paragraph 11 of Plaintiff's Motion, Defendants request that the Court consider this Answer and hold an evidentiary hearing before any relief is granted to ensure that all Defendants' and students' rights are protected.

WHEREFORE, Defendants respectfully request that this Court allow this case to proceed with Defendants filing an Answer, participating in the discovery process as well as other motion practice and that the parties submit to a trial before a Jury before any remedy is issued. Alternatively, Defendants request that this Court deny Plaintiff's motion, dismiss his Complaint, award Defendants their costs, attorney fees under 42 U.S.C. § 1988 and any other relief this Court deems reasonable.

                Respectfully submitted,

                CLARK HILL PLC

                By:    s/Robert M. Vercruysse
                          Robert M. Vercruysse (P21810)
                          Anne-Marie Vercruysse Welch (P70035)
                          Attorneys for above named Defendants
                          500 Woodward Avenue, Suite 3500
                          Detroit, MI  48226
                          (313) 965-8325  (313) 309-6958
                          rvercruysse@clarkhill.com
                          awelch@clarkhill.com

Dated:   February 14, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

                By:    s/Robert M. Vercruysse
                          Robert M. Vercruysse (P21810)
                          Attorneys for Defendants
                          500 Woodward Avenue, Suite 3500
                          Detroit, MI  48226
                          (313) 965-8325  (313) 309-6958
                          rvercruysse@clarkhill.com

7