IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

Case No: 1:22-cv-00071

Honorable:   Jane M. Beckering

BARRY MEHLER,

   Plaintiff,

v.

FERRIS STATE UNIVERSITY; DAVID L. EISLER, Individually and in his Official Capacity as the President of Ferris State University; RANDY CAGLE, Individually and in his Official Capacity as the Dean of Ferris State University's College of Arts, Sciences and Education; Ferris State University's BOARD OF TRUSTEES; and Amna P. Seibold, Ana L. Ramirez-Saenz, Rupesh K. Srivastava, LaShanda R. Thomas, George K. Heartwell, Kurt A. Hofman, and Ronald E. Snead, in their Official Capacities as the Trustees of Ferris State University's Board of Trustees,

   Defendants.

**JOINT FED. R. CIV. P. 26(f) REPORT AND JOINT DISCOVERY / CASE MANAGEMENT PLAN**

Matthew J. Hoffer (P70495)
Matt@BradShaferLaw.com
Zachary M. Youngsma (MI P84148)
Zack@BradShaferLaw.com
**SHAFER & ASSOCIATES, P.C.**
3800 Capital City Boulevard, Suite 2
Lansing, Michigan 48906
T: 517-886-6560
F: 517-886-6565

*Attorneys for Plaintiff*

Robert M. Vercruysse (P21810)
Anne-Marie Vercruysse Welch (P70035)
**CLARK HILL PLC**
500 Woodward Ave., Ste. 3500
Detroit, MI 48226
T: 313-965-8325
F: 313-309-6958
E: rvercruysse@clarkhill.com
E: awelch@clarkhill.com

*Attorneys for Defendants*

NOW COME all parties listed in the above caption, by and through their undersigned counsel, pursuant to Fed. R. Civ. P. 26 and this Court's Order Setting Rule 16 Scheduling Conference, (ECF 14), hereby state, for their Joint Status/Rule 26(f) Report, the following:

A Rule 16 Scheduling Conference is scheduled for March 7, 2022, before Hon. Jane M. Beckering. Appearing for the parties as counsel will be:

For Plaintiff: Matthew J. Hoffer (lead) and Zachary M. Youngsma

For Defendants: Robert M. Vercruysse (lead) and Anne-Marie Vercruysse Welch

The Parties' counsel met via Zoom on February 25, 2022, and February 28, 2022. Present for Plaintiff was Mr. Hoffer and Mr. Youngsma. Present for Defendants were Mr. Vercruysse and Mrs. Welch.

1. <u>Jurisdiction</u>: The basis for the Court's jurisdiction is:

Federal jurisdiction is based on the resolution of substantial constitutional questions presented by virtue of 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3)-(4). The statutory law which further authorizes the institution of this lawsuit and the damages claims asserted herein is 42 U.S.C. § 1983. The prayer for relief is founded in part by Fed. R. Civ. P. 57 and 28 U.S.C. § 2201. Jurisdiction for injunctive relief is found under Fed. R. Civ. P. 65 and 28 U.S.C. § 2202. Federal question jurisdiction for the requested attorneys' fees and costs is conferred by 42 U.S.C. § 1988.

2. <u>Jury or Non-Jury</u>: This case is to be tried before a Jury pursuant to Plaintiff and Defendant's demand therefore under Fed. R. Civ. P. 38. [ECF 1, at PageID.33].

3. <u>Judicial Availability</u>: The Parties presently do not agree to have a United States Magistrate Judge conduct any and all further proceedings in this case, including trial, and to order the entry of a final judgment, but may consent at a later time.

4. <u>Statement of the Case</u>: This case involves:

Plaintiff's Statement:

This is a civil rights case wherein Plaintiff, Professor Barry Mehler, Ph.D., alleges Defendants, acting under the color of state law, violated his fundamental rights under the First and Fourteenth Amendments.

Plaintiff is a distinguished, tenured professor who has served as an instructor at Ferris State University, ("FSU") for over thirty (30) years. For the Spring 2022 term, Dr. Mehler was scheduled to instruct three classes, with multiple sections of two of the classes. On January 9, 2021, Dr. Mehler shared videos with his students, via private URL, introducing them to him, his classes, and his pedagogy. One such video portrayed Dr. Mehler's well-known and celebrated provocative style, which also included criticism of FSU's COVID-19 policies along with his long-standing bits used to draw students' attention to plagiarism, the Calvinist doctrine of predestination, his grading policy, his desire to push his students towards academic curiosity, and FSU's and his COVID-19 policies. The video went "viral" and, when it came to FSU administrators' attention, Defendants summarily removed him from instructing his classes, removed his faculty biography page, removed his classes' "Canvas" pages, placed him under investigation, banned him from campus, and forbad him from speaking with his colleagues and students about his employment and the investigation; all in a concerted effort to silence and punish Dr. Mehler for his critical speech. Dr. Mehler now seeks emergency injunctive relief to return him to his students and further seeks money damages and attorneys' fees against the individuals responsible for running roughshod over his fundamental First and Fourteenth Amendment rights.

Defendants' Statement:

Plaintiff is a tenured professor at Ferris State University represented by the Ferris Faculty Association, a MEA union, who has been placed on a paid administrative leave with full pay and benefits pending the completion of an investigation. Both parents and students complained to the University administration after a required video was sent on January 9, 2022 to several classes Professor Mehler was assigned to teach in the classroom between January 10, 2022 and May 6, 2022. During the video, Professor Mehler called students and

3

administrators "cocksuckers" and told them "fuck you" and instructed the students to "keep your fucking distance".

Plaintiff has no First Amendment right or academic freedom to call his students and administrators "cocksuckers" or tell them "fuck you" and to "keep your fucking distance" from me. Like the Plaintiff in *Dambrot v. Central Michigan University,* 55 F.3rd 1177, 1188 (6th Cir. 1995) who called his players the N-Word to get them to play harder. A college professor has no right to call his students and administrators sexually harassing, discriminatory or profane terms to excite them about his class. It is simply wrong! No discipline has yet been issued. Likewise, this Court should exercise its discretion to not issue injunctive relief on the facts of this case. <u>Prospects of Settlement</u>: The status of settlement negotiations is:

5. <u>Prospects of Settlement</u>: Mr. Vercruysse and Mr. Hoffer have preliminarily discussed possible settlement options; however, neither party is agreeable to the others' terms.

6. <u>Pendent State Claims</u>: This case does not presently include pendent state claims.

7. <u>Joinder of Parties and Amendment of Pleadings</u>: The Parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings no later than April 1, 2022.

8. <u>Disclosures and Exchanges</u>:
    a. Fed. R. Civ. P. 26(a)(1) requires initial disclosures unless the Court orders otherwise. The Parties propose the following schedule for Rule 26(a)(1) disclosures:

    The Parties propose that they exchange Rule 26(a)(1) disclosures no later than March 21, 2022.

4

  b. The Plaintiff expects to be able to furnish the names of Plaintiff's expert witness(es) by April 18, 2022. Defendants expect to be able to furnish the names of Defendants' expert witness(es) by April 29, 2022.

  c. It would be advisable in this case to exchange written expert witness reports as contemplated by Fed. R. Civ. P. 26(a)(2). Reports, if required, should be exchanged according to the following schedule:

   Plaintiff's expert report(s): no later than April 25, 2022.

   Defendants' expert report(s): no later than May 6, 2022.

  d. The Parties have agreed to make available the following documents without the need of a formal request for production:

   From Plaintiff to Defendants by March 21, 2022, the following documents:

- 1994 Certificate of Recognition from FSU
- Various documents associated with Plaintiff's 2014 Merit Based Salary Increase
- 2015 Show "Sympathy for the Devil" Warning and consent form
- Various letters/emails in support—only those that Plaintiff and/or his counsel has been given explicit authority to release/use

   From Defendants to Plaintiff by March 21, 2022, the following documents:

- Plaintiff's personnel file
- The FFA Collective Bargaining Agreement
- The investigator's report (if available)

9. <u>Discovery</u>: The Parties believe that all discovery proceedings can be completed by June 15, 2022.

Plaintiff anticipates seeking discovery from Defendants regarding, but not limited to, the following subjects: each Defendant's involvement in the actions taken against

5

Plaintiff; previous instances of action taken against other FSU employees under the provisions they cite for the actions taken against Plaintiff; student complaints regarding Plaintiff and/or his video; students' dropping/adding Dr. Mehler's Spring 2022 classes; Defendants history of enforcing its Employee and Student Dignity Policy and Defendants' interpretation of various terms in the provisions they cite for the actions taken against Plaintiff.

Plaintiff anticipates seeking discovery in phases beginning with written discovery and concluding with depositions.

Defendants anticipate taking Plaintiff's Deposition as well as the depositions of complaining students and parents, depositions of Ferris Faculty Association representatives and other witnesses yet to be identified on the allegations set forth in Plaintiff's Complaint. Defendants anticipate serving interrogatories, requests to produce documents on the allegations in Plaintiff's Complaint and Requests for Admissions on Plaintiff to establish the facts necessary for summary judgment or trial in this case.

The Parties agree to limit interrogatories to 25 inquiries per side (not including related subparts). Plaintiff proposes limiting depositions to 10 per side while Defendants propose limiting depositions to 10 per party. The Parties agree that each deposition's duration should not exceed more than 7 hours on the record. These agreed upon limits may be raised upon written stipulation by the Parties or by order of the Court.

10. <u>Disclosure or Discovery of Electronically Stored Information</u>: The Parties have discussed the production of electronically stored information and suggest that such information be handled as follows:

The Parties agree discovery requests may require retrieval of electronically stored information (ESI) from computers and other data storage devices, including electronic mail (e-mail). The Parties will first produce ESI in .pdf format. Should the

6

non-producing party determine that native format is necessary for certain documents already produced in .pdf format, the Parties will discuss in good faith the most cost-effective and appropriate method for production, with the cost of production and the party bearing the cost agreed upon prior to the producing party undertaking the production.  Should the Parties be unable to agree, they will refer the matter to this Court for resolution.  The Parties do not currently anticipate that the scope, cost, or time required for the disclosure or production of ESI will be beyond what is reasonably available to the Parties in the ordinary course of business.  To the extent that disclosure or discovery of ESI becomes an issue during discovery, the Parties will confer over the proper handling of the same, and if necessary, will seek court intervention as outlined by, and in compliance with, this Court's Scheduling Order. By the foregoing, the Parties do not waive any objection to discovery requests, including objections on the grounds of undue burden or expense.

11. <u>Assertion of Claims of Privilege or Work-Product Immunity After Production</u>:

The Parties agree to follow Federal Rules of Civil Procedure 26(b)(5)(B). To the extent any disputes concerning claims of privilege arise, the Parties agree they will confer in a good faith effort to resolve such dispute prior to filing a discovery motion.

The Parties agree that a stipulated protective order addressing the discovery, treatment, and handling of student information and university investigations may be appropriate in this matter. The Parties will confer in an effort to prepare and tender an agreed protective order for this Court's consideration.

12. <u>Motions</u>: The Parties acknowledge that W.D. Mich. LCivR. 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all nondispositive motions, counsel or pro se parties involved in the dispute shall confer in a good-faith effort to resolve the dispute. In addition, all nondispositive motions shall be accompanied by a separately filed certificate.

The following dispositive motions are contemplated by each party:

7

Plaintiff: Motion(s) for partial or complete summary judgment.

Defendants: Motion(s) regarding qualified immunity for the individually named Defendants and motions for complete or partial summary judgment for each defendant.

The Parties anticipate that all dispositive motions will be filed by June 30, 2022.

13. <u>Alternative Dispute Resolution</u>: In the interest of conserving judicial resources, the Parties acknowledge that the Court will require the Parties to participate in some form of Alternative Dispute Resolution.

The Parties are willing to engage in voluntary facilitative mediation before a magistrate judge appointed by the Court.

14. <u>Length of Trial</u>: Counsel estimate the trial will last approximately four days total, allocated as follows: two days for Plaintiff's case and two days for Defendants' case.

15. <u>Electronic Document Filing System</u>: Counsel are reminded that Local Civil Rule 5.7(a) requires attorneys to file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. *Pro se* parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a *pro se* party must file documents electronically but serve *pro se* parties with paper documents in the traditional manner.

16. <u>Other</u>: Plaintiff requests accelerated disposition of his pending Motion for Preliminary Injunction [ECF 3].

For convenience, the Parties provide the following consolidated list of the proposed dates contained herein:

8

| PRETRIAL EVENT | PROPOSED/COMPLETED DATE |
|---|---|
| Rule 26(f) Conference | February 25, 28, 2022 |
| Rule 16 Scheduling Conference | March 7, 2022 |
| Rule 26(a) Initial Disclosures | March 21, 2022 |
| Joinder Deadline | April 1, 2022 |
| Deadline for Plaintiff to Designate Expert Witness(es) | April 18, 2022 |
| Deadline for Defendants to Designate Expert Witness(es) | April 29, 2022 |
| Deadline for Plaintiff to Provide Expert Report(s) | April 25, 2022 |
| Deadline for Defendants to Provide Expert Report(s) | May 6, 2022 |
| Deadline for Exchanging No-Need-For-Request Documents | March 21, 2022 |
| Deadline to Complete All Discovery | June 15, 2022 |
| Deadline to File Dispositive Motion(s) | June 30, 2022 |

Additionally, the Parties also propose the following relevant dates:

* Track A – If no Dispositive Motions are filed
* Track B – If Dispositive Motions are Filed

| PRETRIAL EVENT | PROPOSED DATE |
|---|---|
| Track A: Deadline to File Joint Pretrial Order; Motions in Limine; add Proposed Jury Instructions; and, optional, proposed findings of fact and conclusions of law | N/A |
| Track A: Pre-trial Conference and Trial Scheduling | N/A |
| Track B: Deadline to File Joint Pretrial Order; Motions in Limine; add Proposed Jury Instructions; and, optional, proposed findings of fact and conclusions of law | August 1, 2022 |
| Track B: Pretrial Conference and Trial Scheduling | September 1, 2022 |

Respectfully submitted,

Dated: March 1, 2022

| | |
|---|---|
| */s/Matthew J. Hoffer* | */s/Robert M. Vercruysse* |
| Matthew J. Hoffer (P70495) | Robert M. Vercruysse (P21810) |
| Matt@BradShaferLaw.com | Anne-Marie Vercruysse Welch (P70035) |
| Zachary M. Youngsma (MI P84148) | **CLARK HILL PLC** |
| Zack@BradShaferLaw.com | 500 Woodward Ave., Ste. 3500 |
| **SHAFER & ASSOCIATES, P.C.** | Detroit, MI 48226 |
| 3800 Capital City Boulevard, Suite 2 | T: 313-965-8325 |
| Lansing, Michigan 48906 | F: 313-309-6958 |

T: 517-886-6560  
F: 517-886-6565

E: rvercruysse@clarkhill.com  
E: awelch@clarkhill.com

*Attorneys for Plaintiff*

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

    I certify that on March 1, 2022, I electronically filed the foregoing document with the Clerk of the Court using the ECF/CMF system, which will send notification of such filing to all counsel of record.

                                          */s/Zachary M. Youngsma*
                                          Zachary M. Youngsma (MI P84148)
                                          **SHAFER & ASSOCIATES, P.C.**