IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

Case No: 1:22-cv-00071

Honorable:   Jane M. Beckering

BARRY MEHLER,

   Plaintiff,

v.

FERRIS STATE UNIVERSITY; DAVID L. EISLER, Individually and in his Official Capacity as the President of Ferris State University; RANDY CAGLE, Individually and in his Official Capacity as the Dean of Ferris State University's College of Arts, Sciences and Education; Ferris State University's BOARD OF TRUSTEES; and Amna P. Seibold, Ana L. Ramirez-Saenz, Rupesh K. Srivastava, LaShanda R. Thomas, George K. Heartwell, Kurt A. Hofman, and Ronald E. Snead, in their Official Capacities as the Trustees of Ferris State University's Board of Trustees,

   Defendants.

## [PROPOSED] STIPULATED PROTECTIVE ORDER

| | |
|---|---|
| Matthew J. Hoffer (P70495) | Robert M. Vercruysse (P21810) |
| Matt@BradShaferLaw.com | Anne-Marie Vercruysse Welch (P70035) |
| Zachary M. Youngsma (MI P84148) | **CLARK HILL PLC** |
| Zack@BradShaferLaw.com | 500 Woodward Ave., Ste. 3500 |
| **SHAFER & ASSOCIATES, P.C.** | Detroit, MI 48226 |
| 3800 Capital City Boulevard, Suite 2 | T: 313-965-8325 |
| Lansing, Michigan 48906 | F: 313-309-6958 |
| T: 517-886-6560 | E: rvercruysse@clarkhill.com |
| F: 517-886-6565 | E: awelch@clarkhill.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

Given that the Parties have agreed that they may rely on or produce confidential information and/or documents during the course of this litigation that would include, but are not limited to, certain documents and records containing the names of applicants, former students, and current students of Ferris State University ("FSU"), the disclosure of such certain documents being governed by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, and the disclosure thereof could be

damaging to FSU's applicants, students, and former students and could result in embarrassment, humiliation, identity fraud, and/or an invasion of privacy to said individuals; therefore, subject to the approval of this Court, the Parties hereby stipulate to the following Protective Order:

    1. In connection with the proceedings and course of discovery in this action, the Parties may designate as "Confidential," any document, thing, material, testimony, or other information derived therefrom that contains the following protected information (being "Confidential Information"):

        a. Current FSU students' names and any related personal, medical, confidential, proprietary, and/or other personally identifying information of the student;

        b. Former FSU students' names and any related personal, medical, confidential, proprietary, and/or other personally identifying information of the former student; and

        c. An FSU applicants' names and any related personal, medical, confidential, proprietary, and/or other personally identifying information of the applicant.

    2. Confidential documents shall be so designated by stamping, in either the header or the footer, copies of the document produced to a party with the word: "**CONFIDENTIAL**." Stamping "**CONFIDENTIAL**" on the cover of any multipage document shall designate all pages of the document as Confidential, unless otherwise indicated by the producing party. In the case of responses to interrogatories or requests for admission and the information contained therein, the designation shall be made by means of a statement at the beginning and the conclusion of such responses (or in conjunction with the subsequent furnishing of any responsive information) specifying the responses or parts thereof deemed Confidential. In the case of depositions, any party may designate all or any portion of the deposition

testimony given in this litigation as Confidential, either orally during the deposition or in writing within 10 days after receipt of the deposition transcript. Confidential Information within a transcript of a deposition may be designated by underlining or otherwise annotating those portions of the pages which are Confidential Information and marking such pages with the word "**CONFIDENTIAL**" in either the page's header or footer. Until the expiration of the 10-day period, the entire deposition transcript shall be treated as Confidential Information.

    3. Confidential Information produced pursuant to this Order shall be disclosed or made available to the Court only in the following manner:

    a. The document containing Confidential Information shall be filed under seal and shall be labeled with 1) the title of this action, 2) an indication of the nature of its contents, 3) the identity of the filing party, 4) the words "**CONFIDENTIAL INFORMATION**," and 5) a statement substantially in the following form:

**CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER**

**NOT TO BE OPENED NOR THE CONTENTS REVEALED EXCEPT (1) TO THE COURT OR (2) BY ORDER OF THIS COURT**

    b. The same statement shall be placed on the front page of the written material itself;

    c. Any party making a confidential filing shall also file, within five (5) days of such a confidential filing, a public version of that confidential filing. The public version shall redact any portion that constitutes or discloses Confidential Information and indicates where such redactions have been made. The Clerk of the Court is directed to maintain the confidential filing under seal, and to file, in the public file, the public version of such confidential filing;

      d. For use of documents containing Confidential Information in any Court proceeding in this action, Plaintiff shall mark the documents' redactions with the numbers 101 through 199 (*e.g.*, "Student 101") and Defendants shall mark documents with the numbers 201 through 299 in place of applicant, student, and former student names. Each party shall provide the Court and the opposing party, via e-mail prior to the Court Proceeding, a key that correlates the assigned number to the name; and

      e. Alternatively, for use of documents containing Confidential Information in any Court proceeding in this action, if the party offing the document reasonably believes it is unnecessary to label the redactions (as provided in the above subparagraph) for the reader to understand the document, the Confidential Information may simply be redacted. If the other party disagrees, it may, at its discretion, offer the same document with labeled redactions.

4. Any Confidential Information filed under seal with the Court shall be served in accordance with LCivR 10.6.

5. Aside from production of Confidential Information to the Court as described above, and directly among counsel, Confidential Information produced pursuant to this Order may only be disclosed or made available to the following "qualified persons," under the following circumstances:

      a. A party, but only as required;

      b. Expert witnesses, but only as required and upon prior written notice to the opposing party;

      c. Counsels' support staff (including paralegals, clerical, and secretarial staff employed by such counsel), but only as required;

      d. A witness at any deposition or other proceeding in this action, to the extent permitted by paragraph 6 below;

   e. An authorized court reporter employed in this action; and

   f. Any other person to whom the Parties agree in writing.

  6. A deponent may, during his or her deposition, be shown, and examined about, documents or information designated as Confidential Information, but shall, under no circumstances, retain copies of Confidential Information.

  7. In the event that a person covered by this Order (the "Receiver") receives a subpoena, discovery request, Freedom of Information Act request, or other legal process seeking production of material designated as Confidential, the Receiver must give prompt written notice to the party that designated the material as Confidential. The Receiver shall inform the persons seeking the information of the existence of this Order and shall not produce Confidential Information absent a Court order explicitly requiring such production.

  8. Any excerpt, summary, or copy of any material designated Confidential must bear the Confidential markers set forth above and shall be subject to the terms of this Order to the same extent as the information or document from which such excerpt, summary, or copy was made.

  9. This Order shall be without prejudice to the right of the Parties: 1) to bring before the Court at any time, using the procedures outlined in Paragraph 10, the question of whether any particular document or information is Confidential or whether its use should be restricted, or 2) to present a motion to the Court under Fed. R. Civ. P. 26(c) for a separate protection order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the Parties in any way in any future application for modification of this Order.

  10. If a party has a good faith belief that files or documents have been improperly labeled as Confidential or that information contained therein has been

improperly redacted, said party may challenge the designation and/or redaction using the following procedure:

    a. The challenging party shall provide written notification to the designating party's counsel of the challenge to the redaction;

    b. If the challenge is not resolved between the parties within 10 calendar days of written notice, the designating party and its counsel shall have the burden of moving the Court for a protective order upholding its redactions; and

    c. If the designating party timely files the motion, the documents and/or redactions subject to that challenge remain subject to this Order until such a time as the Court resolves the designating party's motion.

11. This Order shall not prevent either party from objecting to evidence that it believes to be improper. This Order shall not preclude either party from objecting to discovery, or to other disclosure, where it believes that, notwithstanding the terms hereof, production or disclosure in response to a discovery request or otherwise is objectionable or will, in the absence of further relief, result in objectionable or improper disclosure such as, but not limited to, disclosure of privileged and/or proprietary business information.

12. This Order shall survive the finality of this action. Within 30 days after the conclusion of this action, including exhaustion of all appeals and/or the last day to file a notice of appeal, counsel for the Parties shall assemble and return to each other all material marked Confidential, including nay and all copies. Alternatively, counsel may execute a certification stating all material marked Confidential, including any and all copies, have been destroyed.

    [The remainder of this page is intentionally left blank]

**IT IS SO STIPULATED** this 4th day of March, 2022.


  */s/Matthew J. Hoffer*               */s/Robert M. Vercruysse*
Matthew J. Hoffer (P70495)           Robert M. Vercruysse (P21810)
Matt@BradShaferLaw.com               Anne-Marie Vercruysse Welch (P70035)
Zachary M. Youngsma (MI P84148)      **CLARK HILL PLC**
Zack@BradShaferLaw.com               500 Woodward Ave., Ste. 3500
**SHAFER & ASSOCIATES, P.C.**        Detroit, MI 48226
3800 Capital City Boulevard, Suite 2 T: 313-965-8325
Lansing, Michigan 48906              F: 313-309-6958
T: 517-886-6560                      E: rvercruysse@clarkhill.com
F: 517-886-6565                      E: awelch@clarkhill.com

*Attorneys for Plaintiff*            *Attorneys for Defendants*


**APPROVED AND SO ORDERED** this ___ day of March, 2022.


                                                      HON. JANE M. BECKERING
                                                      United States District Judge

## **CERTIFICATE OF SERVICE**

    I certify that on March 4, 2022, I electronically filed the foregoing document with the Clerk of the Court using the ECF/CMF system, which will send notification of such filing to all counsel of record.

                                            */s/Zachary M. Youngsma*
                                            Zachary M. Youngsma (MI P84148)
                                            **SHAFER & ASSOCIATES, P.C.**